IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| SAM SHADOW, | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | Case No. SA-08-CA-26-XR |
| | § | |
| CONTINENTAL AIRLINES, INC., | § | |
| | § | |
| Defendant | § | |

**DEFENDANT'S MOTION TO VACATE ENTRY OF DEFAULT,
RESPONSE TO PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT,
AND MOTION FOR SANCTIONS**

NOW COMES Defendant Continental Airlines, Inc. ("Defendant" or "Continental") and, pursuant to Fed. R. Civ. P. 11, 55(c), and 60(b), and 28 U.S.C. § 1927, files this Motion to Vacate Entry of Default, Response to Plaintiff's Motion for Default Judgment, and Motion for Sanctions.[1]  In support thereof, Defendant respectfully shows the Court as follows:

## I.
## INTRODUCTION

This is Plaintiff's third frivolous attempt to impose liability on Continental for his failure to seek retirement benefits until approximately **seven years** after his retirement from Continental Airlines.[2]  Specifically, on March 1, 2004, Plaintiff filed suit in this Court, Cause No. SA-04-CA-0176-XR, seeking retirement benefits under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq*.  Plaintiff voluntarily non-suited his claims after Defendant's in-house counsel informed him that he had not properly exhausted his administrative remedies or

---

[1] As stated herein, Continental Airlines, Inc. is the only party to this action.  However, to the extent required, this Motion is also brought on behalf of the Continental Airlines Retirement Plan, Inc., against which default judgment is purportedly sought.

[2] On September 14, 1999, Plaintiff also filed a discrimination suit against Defendant in the 224th Judicial District of Bexar County, which was dismissed on summary judgment and affirmed by the San Antonio Fourth Court of Appeals.

even applied for retirement benefits (*See* Affidavit of Lou Obdyke, attached under Tab 1).[3]  On December 20, 2005, Plaintiff applied for retirement benefits, which were approved on January 17, 2006 (*See* Affidavit of Suzanne Hobbs, attached under Tab 2).  On July 19, 2006, Plaintiff re-filed his ERISA claims in this Court, Cause No. SA-06-CA-0619-XR, which he properly served on Continental.  This Court dismissed Plaintiff's Complaint on December 11, 2006, holding in part that Plaintiff failed to exhaust his administrative remedies and cautioning Plaintiff to research the preemptive effect of the Railway Labor Act, 45 U.S.C. § 151 *et seq*. ("RLA"), on his claims.

In his recent Complaint, Plaintiff has essentially reasserted the very claims that this Court dismissed on December 11, 2006.  However, despite this Court's Order, Plaintiff did not exhaust his administrative remedies and apparently failed to research the preemptive effect of the RLA on his claims.  Undoubtedly recognizing these substantive and procedural barriers, Plaintiff has now abandoned any attempt to prove his claims on the merits and has instead engaged in procedural gamesmanship to obtain a default judgment against Continental Airlines Retirement Plan, Inc. ("CARP") (improperly identified as "Continental Airlines, Inc. Employee Retirement Benefit Plan").  Specifically, on January 16, 2008, Plaintiff served his lawsuit on a third-party recordkeeper for CARP's 401(k) Savings Plan (Hewitt Associates), which he now claims was service on CARP.  When Hewitt Associates failed to respond to his claim, Plaintiff filed a Motion for Default Judgment.  Thereafter, on February 25, 2008, Plaintiff served Continental with this action.  Accordingly, Continental's deadline to appear has clearly not passed.

---

[3] For the Court's convenience, Defendant reattaches under Tabs 1 and 2 of this Motion the pertinent Exhibits that were previously attached as Tabs 1 and 2 to Defendant's August 28, 2006 Motion to Dismiss Plaintiff's July 19, 2006 Complaint, Cause No. SA-06-CA-0619-XR.

CARP is not a party to this action.  Moreover, even if CARP had been named as a party to this suit, Plaintiff did not serve CARP's registered agent of service, the identity of which Continental has **repeatedly** provided to Plaintiff.  Further, despite Plaintiff's numerous communications with Continental's in-house attorney regarding his claims (Tab 1), Plaintiff's service of his Complaint on Continental **after** seeking a default judgment, and his knowledge of this firm's representation of Continental, Plaintiff made no effort to contact Continental or its counsel or to otherwise notify Continental of his intent to seek a default judgment.[4]

Plaintiff's tactical maneuvering is without legal basis and an abuse of process that has caused Continental to incur unnecessary expense.  Accordingly, for the reasons set forth below, Continental respectfully requests that the Clerk's Entry of Default be vacated and that Plaintiff's Motion for Default Judgment be denied.  Continental further requests that it be awarded reasonable attorneys' fees and costs, in addition to any other sanctions—monetary or otherwise—that the Court deems appropriate, up to and including dismissal of Plaintiff's Complaint with prejudice.

## II.
## MOTION TO VACATE ENTRY OF DEFAULT AND
## RESPONSE TO PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

Under Fed. R. Civ. P. 55(c) and 60(b), a district court may vacate an entry of default for: (i) misrepresentations or misconduct by the adverse party; (ii) a void judgment; or (iii) any other reason justifying relief.  FED. R. CIV. P. 55(c), 60(b); *Goldstein v. Gordon*, No. 3:00-CV-0022-P, 2002 U.S. Dist. LEXIS 3348, at *6-7 (N.D. Tex. Feb. 28, 2002).  Ordinarily, a party seeking relief from a default judgment must show "good cause."  *Id.*; *Lacey v. Sitel Corp.*, 227 F.3d 290, 291-92 (5th Cir. 2000).  However, where service has not been properly obtained or where the

---

[4] Continental became aware of the Clerk's Entry of Default only through its counsel's regular monitoring of the Western District's docket.

Court does not have jurisdiction over the party against which default is sought, the judgment is **automatically void**. *Leedo Cabinetry v. James Sale & Distrib., Inc.*, 157 F.3d 410, 412 (5th Cir. 1998); *Bludsworth Bond Shipyard, Inc. v. M/V Carribean Wind*, 841 F.2d 646, 649 (5th Cir. 1988). In ruling on a motion to vacate a default judgment, "a court should resolve all doubts in favor of the party seeking relief." *Gordon,* 2002 U.S. Dist. LEXIS 3348, at *6. A court's decision to set aside an entry of default is reviewed for an abuse of discretion. *Lacey*, 227 F.3d at 292. However, because default judgments are "generally disfavored," "even a slight abuse of discretion may justify reversal." *Id.* (quoting *CJC Holdings, Inc. v. Wright & Lato, Inc.,* 979 F.2d 60, 63 n.1 (5th Cir. 1992)).

### A.     Continental Airlines Retirement Plan, Inc. Is Not a Party

Under Fed. R. Civ. P. 10(a), "all parties to an action **must** be listed in the **caption** of the complaint." FED. R. CIV. P. 10(a); *Gartin v. Par Pharm. Cos., Inc.*, No. 4:06-CV-128, 2007 U.S. Dist. LEXIS 21228, at *20-21 (E.D. Tex. Mar. 26, 2007) (quoting *Jones v. State of La.,* 764 F.2d 1183, 1185 (5th Cir. 1985) (emphasis added). Courts within and outside of the Fifth Circuit have repeatedly held that this requirement is mandatory for establishing the parties to an action. *Id.* (strictly interpreting Rule 10(a)). *See also Welch v. Sethi*, 177 Fed. Appx. 626, 626 (9th Cir. 2006) (unpublished) (dismissing party not named in caption); *Cash v. Marion County Jail*, 211 Fed. Appx. 486, 488 (7th Cir. 2006) (unpublished) ("One cannot be a party without being named and served, and without becoming a party, one cannot defend"); *Londeree v. Crutchfield Corp.*, 68 F. Supp. 2d 718, 721 (W.D. Va. 1999) (under Rule 10, "the complaint must contain a caption setting forth the title of the action including the name of *all* the parties"). In fact, the Fifth Circuit has held that failure to name a party in the caption of the complaint "**denies a court jurisdiction over that party**." *LOA-Herrera v. Trominski*, 231 F.3d 984, 991 (5th Cir. 2000) (emphasis added). *See also Nat'l Commodity & Barter Ass'n v. Gibbs*, 886 F.2d 1240, 1245

(10th Cir. 1989) (holding that "the federal courts lack jurisdiction over the unnamed parties, as a case has not been commenced with respect to them").

Plaintiff submitted to this Court a purported Return of Service of his Complaint on the "Continental Airlines Employee Retirement Benefit Plan."[5]  Plaintiff does not contend that he served Continental Airlines, Inc., which he did not serve until four days ago, **after** filing his motion for default judgment.  "Continental Airlines Employee Retirement Benefit Plan" is not named in the caption of Plaintiff's Complaint.  Accordingly, under Rule 10(a)'s clear mandate and court precedent, "Continental Airlines Employee Retirement Benefit Plan" is not a party to this action and the Court is without jurisdiction to enter a default judgment against it.  Therefore, the Clerk's Entry of Default must be vacated as void, and Plaintiff's Motion for Default Judgment should be denied.[6]  *See, e.g., Veenkant v. U.S.*, No. 4:90-CV-70, 1990 U.S. Dist. LEXIS 12609, at *1-2 (W.D. Mich. Sept. 19, 1990) (denying motion for default because "plaintiffs did not list the [served entity] in the caption of their complaint").

## B.   Continental Airlines Retirement Plan, Inc. Was Not Properly Served

Even assuming, *arguendo*, that CARP was a party to this lawsuit, it is axiomatic that, prior to an entry of default, the moving party must establish that service was properly obtained.

---

[5] It should be noted that this Return of Service was not filed with the Court until Plaintiff filed his Motion for Default Judgment and that it is blank.

[6] Plaintiff's failure to comply with Fed. R. Civ. P. 10(a) is dispositive.  Nonetheless, Defendant would further note that: (i) while Plaintiff attempts to to name CARP as a party in the body of his Complaint, he designates only Continental as "Defendant" and refers only to "Defendant" or "Defendant Continental Airlines" throughout his Complaint; (ii) Plaintiff does not seek relief from CARP in his Prayer; (iii) Plaintiff identifies only the procedure through which *Continental* may be served with process, which is **not** the service upon which his Motion for Default Judgment is based; and (iv) Plaintiff was informed of the necessity of adding CARP as a party to this action in Defendant's August 28, 2006 Motion to Dismiss.  Plaintiff's Complaint ¶¶ II, IX-XII, XV.  *See also Welch,* 177 Fed. Appx. At 626 (dismissing party not named in caption or prayer); *Gartin*, 2007 U.S. Dist. LEXIS 21228, at *20-33 (holding under nearly identical circumstances as these that the entity not named in the complaint's caption was not a party).

*See, e.g., Leedo Cabinetry*, 157 F.3d at 412.  Under ERISA § 502(d)(1), "[s]ervice of summons, subpoena, or other legal process of a court upon a trustee or administrator of an employee benefit plan in his capacity as such shall constitute service upon the employee benefit plan."  29 U.S.C. § 1132(d).  If a trustee or administrator is not identified in a summary plan description as an agent for service of process, service of an ERISA action may be made upon the Secretary of Labor.  *Id.*  The "administrator" is defined as the person so designated by the plan documents.  *Id* at § 1002(16)(A).

Continental has **repeatedly** informed Plaintiff of the identity of, and address for, CARP's Plan Administrator and registered agent for service.  Specifically, on November 12, 2004, Continental's in-house counsel, Lou Obdyke, sent Plaintiff's counsel a letter attaching the Summary Plan Description ("SPD") that governs Plaintiff's claims (Tab 1, Exhibit C).  Further, Defendant attached Mr. Obdyke's letter and a copy of the SPD to its August 28, 2006 Motion to Dismiss Plaintiff's prior Complaint, Cause No. SA-06-CA-0619-XR (Tabs 1 and 2).

Under the explicit terms of the SPD: "Service of legal process may be made to the Executive Vice President-General Counsel, the Plan Trustee, or members of the Administrative Plan, **all at this address**: 1600 Smith Street, 20th Floor, Houston, Texas 77002" (Tab 2, Exhibit B, at p. 13) (emphasis added).  Plaintiff did not serve process at this address, but served his Complaint via certified mail to Hewitt Associates ("Hewitt") at 2601 Research Forest Dr., The Woodlands, Texas 77381 (*Id.* at p. 7).  As clearly stated in the SPD, Hewitt is **not** the Plan Administrator for CARP, but is the "Plan Recordkeeper" for the Plan's 401(k) Savings Plan and merely "maintains records of participant accounts and performs general administrative services" (*Id.*).

In fact, Plaintiff admits in his Complaint that he was told by both Continental *and* the Court of the proper address for CARP's Plan Administrator.  *See* Plaintiff's Complaint, ¶ VIII.1-2.  Inexplicably, however, Plaintiff then asserts that he has independently chosen instead to use Hewitt's address for the purpose of exhausting his administrative remedies under ERISA and, as it is now clear, for service of this lawsuit.[7]  Plaintiff's decision to serve Hewitt with a lawsuit in which Hewitt is not a named party (or even the Plan Administrator) after having been repeatedly informed of the correct party and agent for service of process is beyond reason or basis in fact.  Plaintiff was informed by Continental, Continental's counsel, and this Court of the identity and agent for service of process for CARP and, as demonstrated by his recent service on Continental, had independent knowledge of Continental Airlines, Inc.'s agent for service of process.  Plaintiff's decision to act contrary to this information was intentional and his service on Hewitt ineffective.  Accordingly, the Clerk's Entry of Default must be vacated, and Plaintiff's Motion for Default Judgment should be denied.  *See, e.g., Leedo Cabinetry*, 157 F.3d at 414 (reversing default judgment where service was not proper); *Bludsworth*, 841 F.2d at 649 (whenever "a district court lacks jurisdiction over the defendant because of lack of service of process, the judgment is void and, under Rule 60(b)(4), the district court *must* set it aside").

---

[7] Plaintiff's unilateral decision to send all of the correspondence attached in support of his Complaint to Hewitt instead of CARP's Plan Administrator also demonstrates that Plaintiff has, once again, failed to exhaust his administrative remedies.  Accordingly, if necessary, Continental will move to dismiss Plaintiff's Complaint yet again for failure to exhaust his administrative remedies.  Due to the clear and repeated instructions that Plaintiff has been given in this regard, Continental will also seek sanctions and attorneys' fees sufficient to compensate it for the expense of repeatedly defending this frivolous litigation.

# III.
# MOTION FOR SANCTIONS

A.  **Sanctions Under Fed. R. Civ. P. 11, the Court's Inherent Power, and 28 U.S.C. § 1927**

Under Fed. R. Civ. P. 11 (c), a court may, on its own motion, impose an appropriate sanction upon a party who: (i) presents a pleading, written motion, or other paper for an improper purpose, such as to harass or cause unnecessary delay or expense; or (ii) presents a pleading, written motion, or other paper that includes claims unsupported by existing law or by a good-faith argument for a change in existing law. FED. R. CIV. P. 11(b)(1)-(2) and (c); *Gas Reclamation, Inc. v. Jones*, 113 F.R.D. 1, 5 (S.D. Tex. 1995). Specifically, sanctions are appropriate under Rule 11 whenever a reasonable inquiry would have revealed there was no objective basis in law or fact for the asserted claim. *Thomas v. Capital Sec. Servs., Inc.*, 836 F.2d 866, 873-74 (5th Cir. 1988). An award of sanctions under Rule 11 is reviewed only for an abuse of discretion. *Id.* at 872.

In addition to the Court's power to issue sanctions under Rule 11, "[a] federal district court has inherent authority to manage its affairs and preserve the authority of the court, including the power to sanction a party." *York v. Gonzalez*, No. 4:05-CV-655-Y, 2006 U.S. Dist. LEXIS 47169, at *3, n. 3 (N.D. Tex. July 5, 2006). Such sanctions are appropriate upon a showing of "bad faith or willful abuse of the judicial process," and are reviewed for an abuse of discretion. *Woodson v. Surgitek, Inc.*, 57 F.3d 1406, 1417 (5th Cir. 1995).

Finally, under 28 U.S.C. §1927, "any attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. §1927; *Edwards v. Gen. Motors Corp.*, 153 F.3d 242, 246 (5th Cir. 1998). Specifically, sanctions are warranted under 28 U.S.C. § 1927 whenever there is evidence of bad faith,

-8-

improper motive, or reckless disregard of the duty owed to the court. *Edwards*, 153 F.3d at 246; *Traveler's Ins. Co. v. St. Jude Hosp.*, 38 F.3d 1414, 1417 (5th Cir. 1994). An award of sanctions under 28 U.S.C. § 1927 is within the "sound discretion of the court imposing them" and reviewed "only for an abuse of that discretion." *Traveler's*, 38 F.3d at 1417.

**B.      Sanctions Are Clearly Warranted in this Case**

As demonstrated herein, Plaintiff and his counsel have acted in bad faith, with an improper purpose, and with reckless disregard of their obligations to this Court by: (i) seeking default judgment against an entity that they know is not a party to this action; (ii) basing their motion upon service of process that they either knew was ineffective or the propriety of which they recklessly disregarded; (iii) seeking a default judgment prior to serving the named party with his Complaint; and (iv) failing to contact Defendant or its counsel, the identity of which they were aware, prior to seeking a default judgment. *See, e.g., Thomas*, 836 F.2d 866 at 884 (vacating denial of sanctions against plaintiff that failed to make a reasonable inquiry into the facts or law prior to filing complaint); *Jones*, 113 F.R.D. at 4 (imposing sanctions against attorney that sought default judgment against a party without notifying the other party to the suit and untruthfully informing that court that he had properly obtained service); *Goldstein*, 2002 U.S. Dist. LEXIS 3348, at *21-24 (imposing sanctions on party that obtained default judgment based upon service he knew to be ineffective). Due to the egregious nature of Plaintiff's and his counsel's conduct, their complete disregard for existing law, and the obvious gamesmanship with which Plaintiff's Motion for Default Judgment was filed with this Court, sanctions are clearly warranted. Accordingly, Defendant respectfully requests that the Court: (i) impose reasonable monetary sanctions against Plaintiff and/or his counsel as deemed necessary to prevent future misconduct and harassment; (ii) order Plaintiff and/or his counsel to pay the reasonable costs,

expenses and attorneys' fees incurred by Defendant in defending Plaintiff's unmeritorious motion; and (iii) impose any other sanctions it deems proper, up to and including dismissal of Plaintiff's Complaint with prejudice.

## IV.
## CONCLUSION

Plaintiff did not, as he represented to this Court, obtain effective service on a party to this action prior to seeking a default judgment. Further, Plaintiff's conduct in seeking a default judgment was an egregious act of gamesmanship for which there was no reasonable basis under the facts or law in this case. Accordingly, Defendant respectfully requests that the Clerk's Entry of Judgment be vacated, that Plaintiff's Motion for Default Judgment be denied, and that the Court award appropriate sanctions against Plaintiff and his counsel. Defendant further request that the Court grant it such further and other relief to which it may be justly entitled.

Dated: February 29, 2008

Respectfully submitted,

/s/ Natalie C. Rougeux
NATALIE C. ROUGEUX
Texas State Bar No. 24041828
BRACEWELL & GIULIANI LLP
106 So. St. Mary's Street, Suite 800
San Antonio, Texas 78205
Telephone: (210) 226-1166
Facsimile: (210) 226-1133

LOUIS K. OBDYKE
Texas State Bar No. 15161460
KARLA EVANS
Texas State Bar No. 24002067
CONTINENTAL AIRLINES, INC.
1600 Smith Street, HQSLG
Houston, Texas 77002
Telephone: (713) 324-2218
Telecopier: (713) 324-5161

ATTORNEYS FOR CONTINENTAL
AIRLINES, INC.

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 29th day of February, 2008, I electronically filed Defendant's Motion to Vacate Entry of Default, Response to Plaintiff's Motion for Default Judgment, and Motion for Sanctions with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Daniel R. Rutherford
Rutherford, Rutherford & Bettersworth
923 S. Alamo Street, Suite 2
San Antonio, Texas  78205

                                              /s/   Natalie C. Rougeux
                                              Natalie C. Rougeux