FILED

MAR 12 2008

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____ DEPUTY CLERK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| SAM SHADOW, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| VS. ) | Civil Action No. SA-08-CV-026-XR |
| ) | |
| CONTINENTAL AIRLINES, INC., ) | |
| ) | |
| Defendant. ) | |

**ORDER**

On this date, the Court considered various motions in this case.

On January 10, 2008, Plaintiff filed his Complaint in this cause. On February 20, 2008, Plaintiff filed a Motion for Default Judgment (docket no. 4), to which he attached a summons addressed to Continental Airlines, Inc., Employee Retirement Benefit Plan, Plan Administrator, Continental Airlines Benefits Center Dept #C0245, 2601 Research Forest Drive, The Woodlands, Texas 77381 and proof of service of such summons by certified mail on January 16, 2008. The Clerk of Court entered default on February 21, 2008 (docket no. 5).

On February 29, 2008, Defendant filed a Motion to Vacate Entry of Default, Response to Plaintiff's Motion for Default Judgment, and Motion for Sanctions (docket no. 6). Therein, Defendant recounts the prior history of this case, *see* SA-04-CA-176-XR, and argues that "Plaintiff has now abandoned any attempt to prove his claims on the merits and has instead engaged in procedural gamesmanship in order to obtain a default judgment" by serving a third-party record keeper for Continental Airlines Retirement Plan's 401(k) Savings Plan (Hewitt Associates).

Defendant asserts that CARP is not a party to this action and, even if it were, Plaintiff did not serve CARP's registered agent for service. Defendant further complains that, despite Plaintiff's numerous communications with Continental's in-house attorney and Plaintiff's service of the Complaint on Continental after seeking the default judgment, Plaintiff "made no effort to contact Continental or its counsel or to otherwise notify Continental of his intent to seek a default judgment." Continental asks that the entry of default be vacated, that Plaintiff's motion for default judgment be denied, and that it be awarded its reasonable attorneys' fees and costs, in addition to any other sanctions the Court deems appropriate (monetary sanctions "up to and including dismissal of Plaintiff's Complaint with prejudice").

On March 11, 2008, Plaintiff also filed a Motion to Vacate Entry of Default (docket no. 10). Therein, he agrees that the entry of default should be set aside due to the mistaken service, but asserts that sanctions should be denied because the service was made in good faith, and counsel's confusion regarding the location of the Plan Administrator was caused at least in part by Defendant itself. In a separate document, Plaintiff moves for voluntary dismissal without prejudice (docket no. 11) because, based on his confusion over the correct address to send a request for administrative review, he has still failed to exhaust his administrative remedies.

The Motions to Vacate Entry of Default (docket no. 6 and docket no. 10) are GRANTED and the entry of default (docket no. 5) is VACATED. Plaintiff's Motion for Default Judgment (docket no. 4) is, accordingly, also DENIED.

The Court finds no bad faith on the part of Plaintiff's counsel regarding the service and entry of default, and thus the Motion for Sanctions (docket no. 6) is DENIED.

Plaintiff's Motion for Non-Suit Without Prejudice (docket no. 11) is GRANTED pursuant

to Rule 41(a)(1).  *See* FED. R. CIV. P. 41(a)(1) (Plaintiff may file a Notice of Voluntary Dismissal before Defendant answers or moves for summary judgment).  This cause is DISMISSED without prejudice.

SIGNED this 12th day of March, 2008.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE